UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SAFDIEH, CHRISTA EPITROPAKIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ELEVATE RECOVERIES, and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiffs DANIEL SAFDIEH and CHRISTA EPITROPAKIS (hereinafter, "Plaintiff"), New Jersey residents, brings this class action complaint by and through their attorneys, Marcus Law, LLC, against Defendant ELEVATE RECOVERIES and JOHN DOES 1-25 (hereinafter collectively "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a

1

debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff, Daniel Safdieh is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Plaintiff, Christa Epitropakis is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at PO Box 260804, Plano, Texas 75026-0804.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class

(the "Class"):

- All New Jersey consumers who received phone calls and voicemails from the Defendant attempting to collect an obligation owed to or allegedly owed to JERSEY SHORE UNIVERSITY MEDICAL CENTER and/or RIVERVIEW MEDIAL CENTER, that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received a communication from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a auto recorded voicemail that was left on hundreds of persons voicemail system;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

                be applied in determining such damages and restitution; and

        d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT
### As to Plaintiff, Daniel Safdieh

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

15. Upon information and belief, within the last year the Defendant began a collection campaign against the Plaintiff in an attempt to collect an alleged "debt" as defined by 15 U.S.C. 1692a(5).

16. On or about July 18, 2013, the Defendant sent the Plaintiff a dunning letter. *See* **Exhibit A.**

17. The dunning letter states in part;

> "All payments and questions must be directed to Elevate Recoveries because Riverview Medical Center no longer has the ability to discuss this account with you . . .."

18. Said dunning letter further states;

> "Your credit is one of your most valuable assets. A good credit reputation is

necessary to obtain credit at the best interest rates. If you do not pay this account within 40 days . . . . , this account may be reported to one or more credit reporting agencies."

19. The least sophisticated consumer would read the above statement as an implication that there is a correlation between paying this account and having a good credit reputation.

20. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

21. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## As to Plaintiff Christa Epitropakis

22. Upon information and belief, within the last year the Defendant began a collection campaign against the Plaintiff in an attempt to collect an alleged "debt" as defined by 15 U.S.C. 1692a(5).

23. On or about April 15, 2014, the Defendant sent the Plaintiff a dunning letter. *See* **Exhibit B.**

24. The dunning letter states in part;

"All payments and questions must be directed to Elevate Recoveries because Jersey Shore University Medical Center no longer has the ability to discuss this account with you . . .."

25. Said dunning letter further states;

"Your credit is one of your most valuable assets. A good credit reputation is necessary to obtain credit at the best interest rates. If you do not pay this account

within 40 days . . . . , this account may be reported to one or more credit reporting agencies."

26. The least sophisticated consumer would read the above statement as an implication that there is a correlation between paying this account and having a good credit reputation.

27. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

28. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.., 74 F. 3D 30 (2d Cir. 1996).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. The Defendant violated 15 USC §1692e by falsely stating that the Plaintiff cannot discuss their account with the original creditor, and that the original creditor no longer has the ability to discuss the account with the Plaintiff.

35. The Defendant further violated 1692e by making a deceptive statement related obtaining credit at the best interest rate. The Defendant is clearly not an expert in the importance of a good credit rating, and thus any statement related to such, would be misleading and deceptive to the least sophisticated consumer.

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. §1692f *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set

forth at length herein.

38. Pursuant to 15 U.S.C 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

39. The Defendant violated 1692f by making the implication that paying the alleged debt would correlate with the Plaintiff having a good credit reputation and obtaining credit at the best interest rates.

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June        , 2014

/s/ Ari H. Marcus
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 660-8169 telephone
(732) 298-6256 facsimile
ari@marcuslawnj.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Ari H. Marcus
Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June       , 2014

/s/ Ari H. Marcus
Ari Marcus, Esq.