UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL SAFDIEH, CHRISTA EPITROPAKIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELEVATE RECOVERIES, and JOHN DOES 1-25,<br><br>Defendants. | Civil Action No.: 14-cv-03621-FLW-TJB |

**DEFENDANT ELEVATE RECOVERIES' ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Elevate Recoveries' ("Elevate"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiffs, Daniel Safdieh and Christa Epitropakis ("Plaintiffs"), and states:

**JURISDICTION AND VENUE**

1. Elevate admits the allegations ¶ 1 for jurisdiction purposes only.

2. Elevate admits the allegations ¶ 2 for venue purposes only.

**NATURE OF THE ACTION**

3. Elevate admits that plaintiffs purport to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

4. Elevate denies the allegations in ¶ 4.

5. The allegations in ¶ 5 do not set forth an averment to which an answer is required. To the extent an answer is required, Elevate denies the allegations in ¶ 5.

## PARTIES

6. Elevate denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

7. Elevate denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

8. Elevate admits only that as part of its business it provides debt collection services for third-parties and that it maintains an office in Texas. Except as specifically admitted, the allegations in ¶ 8 are denied.

9. Elevate admits only that as part of its business it provides debt collection services to third-party clients and that it uses the mail and telephone to do so. Except as specifically admitted, the allegations in ¶ 9 are denied.

10. Elevate admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, Elevate denies the allegations in ¶ 10.

11. The allegations in ¶ 11 do not pertain to Elevate and thus an answer is not required of it. To the extent an answer is required, Elevate denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

## CLASS ALLEGATIONS

12. Elevate admits plaintiffs purport to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

13. Elevate denies the allegations in ¶ 13.

13 (sic). Elevate repeats and reiterates its answer to the allegations in ¶¶ 1 through 13 as if same were set forth herein at length.

14. Elevate admits only that as part of its business it provides debt collection services to third-party clients and that it uses the mail, and telephone to do so. Except as specifically admitted, the allegations in ¶ 14 are denied.

15. Elevate admits only that it was retained to collect from plaintiffs an amount due and owing. Except as specifically admitted, the allegations in ¶ 15 are denied.

16. The letter referenced in ¶ 16 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 16 state otherwise, they are denied.

17. The letter referenced in ¶ 17 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 17 state otherwise, they are denied.

18. The letter referenced in ¶ 18 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, they are denied.

19. Elevate denies the allegations in ¶ 19.

20. Elevate denies the allegations in ¶ 20.

21. Elevate denies the allegations in ¶ 21.

22. Elevate admits only that it was retained to collect from plaintiffs an amount due and owing. Except as specifically admitted, the allegations in ¶ 22 are denied.

23. The letter referenced in ¶ 23 and attached as Exhibit "B" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 23 state otherwise, they are denied.

24. The letter referenced in ¶ 24 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 24 state otherwise, they are denied.

25. The letter referenced in ¶ 25 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 25 state otherwise, they are denied.

26. Elevate denies the allegations in ¶ 26.

27. Elevate denies the allegations in ¶ 27.

28. Elevate denies the allegations in ¶ 28.

## CONSTRUCTION OF APPLICABLE LAW

29. Elevate denies the allegations in ¶ 29 as calling for a legal conclusion.

30. Elevate denies the allegations in ¶ 30 as calling for a legal conclusion.

31. Elevate denies the allegations in ¶ 31 as calling for a legal conclusion.

## COUNT I

32. Elevate repeats and reiterates its answer to the allegations in ¶¶ 1 through 31 as if same were set forth herein at length.

33. The statute referenced in ¶ 33 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 33 state otherwise, they are denied.

34. Elevate denies the allegations in ¶ 34.

4

35. Elevate denies the allegations in ¶ 35.

36. Elevate denies the allegations in ¶ 36.

## COUNT II

37. Elevate repeats and reiterates its answer to the allegations in ¶¶ 1 through 36 as if same were set forth herein at length.

38. The statute referenced in ¶ 38 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 38 state otherwise, they are denied.

39. Elevate denies the allegations in ¶ 39.

40. Elevate denies the allegations in ¶ 40.

## PRAYER FOR RELIEF

41. Elevate denies that plaintiffs are entitled to the relief requested in the final paragraph of their complaint, which begins "PRAYER FOR RELIEF."

AND NOW, in further Answer to the Complaint, Defendant Elevate Recoveries, avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Elevate upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event Elevate is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona

fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming plaintiffs suffered any damages, plaintiffs have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiffs were legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Elevate, or for whom Elevate is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail in whole or in part to satisfy the requirements for a class action.

### SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

### SEVENTH AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

WHEREFORE, Elevate Recoveries requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated:  July 1, 2014

Respectfully submitted,

*s/ Aaron R. Easley*
Aaron R. Easley, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3 Cross Creek Drive
Flemington, NJ 08822
Phone: (908) 237-1660
Facsimile: (908) 237-1663
Email: aeasley@sessions-law.biz
*Attorneys for Defendant,*
*Elevate Recoveries*

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2014, a copy of **Elevate Recoveries' Answer and Affirmative Defenses** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

> Ari Marcus, Esq.
> MARCUS LAW, LLC
> 1500 Allaire Avenue, Suite 101
> Ocean, New Jersey  07712
> *Attorney for Plaintiff*

|     |     |
| --- | --- |
| By: | *s/ Aaron R. Easley* |
|     | Aaron R. Easley, Esq. |
|     | *Attorney for Defendant,* |
|     | *Elevate Recoveries* |